UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMMY JOHNSON and VANESSA DETTWILER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRACTOR SUPPLY COMPANY, a Delaware Corporation,<br><br>Defendant. | NO.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>JURY DEMAND |

Plaintiffs Tammy Johnson and Vanessa Dettwiler, by their undersigned attorneys, for this class action complaint against Defendant Tractor Supply Company ("Defendant"), allege as follows:

### I. INTRODUCTION

1.1 <u>Nature of Action</u>. Plaintiffs bring this action on behalf of themselves and all similarly situated employees against Defendant for engaging in a systematic scheme of wage and hour violations. The scheme involves systemic miscalculation of overtime and failure to affirmatively provide meal and rest breaks. Plaintiffs bring their claims as a class action under

CLASS ACTION COMPLAINT -1

Federal Rule of Civil Procedure ("FRCP") 23 on behalf of a Washington state class, and as a nationwide collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

## II. JURISDICTION AND VENUE

2.1     Defendant is within the jurisdiction of this Court.  This Court has jurisdiction of Plaintiffs' FLSA claims under 28 U.S.C. § 1331 because these claims arise under federal law, 29 U.S.C. §§ 201-219.  This Court also has supplemental jurisdiction over the Washington state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.2     Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1) because Defendant does sufficient business in this District to subject it to personal jurisdiction herein and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III. PARTIES

3.1     Plaintiff Tammy Johnson is a citizen of Washington State.  Defendant hired her as a non-exempt Assistant Manager in 2009.  During the three years prior to filing this complaint, Plaintiff Johnson worked as both an exempt Acting Manager, as well as a non-exempt Assistant Manager.  When she worked as a non-exempt Assistant Manager during the last three years, Plaintiff Johnson regularly worked pay periods in which she both worked overtime and earned a non-discretionary bonus, yet Defendant failed to pay her at the proper overtime rate by excluding the non-discretionary bonus from the regular rate of pay.  Defendant also failed to affirmatively provide Plaintiff Johnson with thirty-minute meal breaks when she worked as a non-exempt Assistant Manager during the last three years.  Moreover, Defendant failed to affirmatively

CLASS ACTION COMPLAINT -2

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  provide her with paid ten-minute rest breaks for every four hours of work and regularly required

2  her to work more than three consecutive hours without a rest break.

3    3.2    Plaintiff Vanessa Dettwiler is a citizen of the state of Washington. Defendant

4  hired her as a non-exempt receiver at Defendant's Spanaway location on or around April 6, 2012.

5  Plaintiff Dettwiler began working at Defendant's Tacoma location on or around March 18, 2015.

6  Plaintiff Dettwiler regularly worked pay periods in which she both worked overtime and earned

7  a non-discretionary bonus. Because Defendant failed to include the non-discretionary bonus in

8  the regular rate of pay for purposes of paying overtime, however, Defendant failed to pay all

9  overtime to Plaintiff Dettwiler. Defendant also failed to affirmatively provide Plaintiff Dettwiler

10  with thirty-minute meal breaks. Moreover, Defendant failed to affirmatively provide her with

11  paid ten-minute rest breaks for every four hours of work and regularly required her to work more

12  than three consecutive hours without a rest break.

13    3.3.    Defendant Tractor Supply Company ("TSC" or "Defendant") is a Delaware

14  corporation with its headquarters in Tennessee. TSC has employed thousands of employees in

15  the United States and hundreds of employees in Washington, including Plaintiffs and proposed

16  Class members. It operates over 1,600 stores in 49 states. TSC conducts business, including

17  employing scores of employees, in the Western District of Washington.

## IV. COLLECTIVE ACTION ALLEGATIONS

19    4.1    Pursuant to 29 U.S.C. §216(b), Plaintiffs bring this case as a collective action on

20  behalf of all employees of Defendant in the United States who are similarly situated, i.e., all

21  employees who have worked for Defendant in the United States in a position classified by

22  Defendant as non-exempt and both 1) worked over 40 hours per week in at least one week, and

23  2) earned a non-discretionary bonus during at least one pay period between December 12, 2014

CLASS ACTION COMPLAINT -3

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1   through the conclusion of this action (the "FLSA Period").  These employees shall be referred to

2   as the "FLSA Class."

3       4.2    The named Plaintiffs are similarly situated to the members of the proposed Class

4   because they were employed by Defendant in non-exempt store-based positions, they worked

5   overtime and earned non-discretionary bonuses based on the profitability of their store, and they

6   were systematically denied full compensation for all overtime hours worked.

## V.  CLASS ACTION ALLEGATIONS

8       5.1    <u>Class Definition</u>. Pursuant to FRCP 23, Plaintiffs also bring this case as a class

9   action against Defendant on behalf of an opt-out Washington Class ("the Washington Class" or

10  "the Class") defined as follows:

11      All individuals who have worked in one of Defendant's stores in Washington in
    a position Defendant classified as non-exempt at any time between December 12,
12      2014 and the date of final disposition of this action.

13      5.2    <u>Numerosity</u>. Plaintiffs believe there are hundreds of current or former employees

14  of Defendant in the Washington Class.  The members of the Class are so numerous that joinder

15  of all members is impracticable.  Moreover, the disposition of the claims of the Class in a single

16  action will provide substantial benefits to all parties and the Court.

17      5.3    <u>Commonality</u>. There are numerous questions of law and fact common to

18  Plaintiff and Washington Class members.  These questions include, but are not limited to, the

19  following:

20      a.    Whether Defendant has engaged in a common course of failing to properly

21  calculate overtime and compensate Class members for all overtime hours worked;

22      b.    Whether Defendant has engaged in a common course of failing to provide

23  Class members with a ten-minute rest break for every four hours of work;

24

CLASS ACTION COMPLAINT -4

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

   c. Whether Defendant has engaged in a common course of requiring Class members to work more than three consecutive hours without a rest break;

   d. Whether Defendant has engaged in a common course of failing to pay Class members an additional ten minutes of compensation for each rest break the Class members miss;

   e. Whether Defendant has engaged in a common course of failing to provide Class members with an uninterrupted, thirty-minute meal break for every five hours of work;

   f. Whether Defendant has violated RCW 49.46.130;

   g. Whether Defendant has violated RCW 49.46.090;

   h. Whether Defendant has violated RCW 49.52.050;

   i. Whether Defendant has violated RCW 49.12.020;

   j. Whether Defendant has violated WAC 296-126-092;

   k. Whether Defendant has violated WAC 296-128-550; and

   l. The nature and extent of class-wide injury and the measure of compensation for such injury.

  5.4 <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the Washington Class. Plaintiffs work for Defendant as non-exempt employees and thus are members of the Class. Plaintiffs' claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

  5.5 <u>Adequacy</u>. Plaintiffs will fairly and adequately protect the interests of the Washington Class. Plaintiffs have retained competent and capable attorneys who have significant experience in complex employment law litigation and class action litigation. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the

CLASS ACTION COMPLAINT -5

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the Class.

    5.6    <u>Predominance</u>. Defendant has engaged in a common course of wage and hour abuse toward Plaintiffs and members of the Washington Class. The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

    5.7    <u>Superiority</u>. Plaintiffs and Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## VI. SUMMARY OF FACTUAL ALLEGATIONS

    6.1    <u>Common Course of Conduct: Failure to Pay Proper Overtime Compensation</u>. Defendant's common course of wage and hour abuse against Plaintiffs and Washington Class and FLSA Class members includes routinely failing to properly compensate for all overtime hours worked at the correct regular rate. Throughout the Washington Class period and FLSA period, Defendant employed thousands of store-based employees in over 1,600 locations in the United States, at least 18 of which are in Washington.

    6.1.1    Defendant has regularly paid a non-discretionary store sales bonus based on monthly store sales.

CLASS ACTION COMPLAINT -6

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

6.1.2   Plaintiffs' FLSA and Washington Class overtime claims are based on Defendant's failure to include the non-discretionary, regularly paid, store sale bonuses in Plaintiffs' regular rate of pay when calculating overtime. When paying overtime to Plaintiffs and other non-exempt store-based employees, Defendant incorrectly paid these employees at one-and-one-half times their *hourly* rate, instead of using the higher regular rate of pay that includes the non-discretionary bonuses. This resulted in Defendant withholding overtime pay from their non-exempt store-based employees, including Plaintiffs, thus systematically depriving Plaintiffs and the FLSA and Washington Classes of proper overtime compensation.

6.2   <u>Common Course of Conduct Against Class: Failure to Provide Meal Breaks</u>. Defendant has engaged in, and continue to engage in, a common course of failing to provide their hourly paid employees in Washington with an uninterrupted, thirty-minute meal break for every five hours of work and requiring or permitting their hourly paid employees to work more than five consecutive hours without a meal break.

6.2.1   Plaintiffs and Class members regularly are unable to take the full, thirty-minute meal breaks to which they are entitled because of how busy Defendant's stores are.

6.2.2   Plaintiffs and Class members often eat only while on-the-go to ensure they can complete all their necessary work.

6.2.3   Defendant has had actual or constructive knowledge of the fact that hourly paid employees in Washington do not receive uninterrupted, thirty-minute meal breaks for every five hours of work and are required or permitted to work more than five consecutive hours without a meal break.

CLASS ACTION COMPLAINT -7

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

6.3     <u>Common Course of Conduct: Failure to Provide Proper Rest Breaks</u>.  Defendant has engaged in, and continues to engage in, a common course of failing to provide paid rest breaks to their hourly paid employees in Washington.

6.3.1.   Defendant does not provide hourly paid employees ten-minute rest breaks for every four hours of work; it requires hourly paid employees to work more than three consecutive hours without a rest break; and it does not provide ten minutes of additional pay for each rest break employees miss.

6.3.2    Each time an employee misses a rest break, Defendant receives the benefit of 10 minutes of work without paying for the hours worked.

6.3.3    Defendant's hourly paid employees in Washington do not have time to take rest breaks because of the volume of their work, and Defendant has no system in place to relieve employees during busy periods in order for the employees to take rest breaks.

6.3.4    Defendant has had actual or constructive knowledge of the fact that hourly paid employees do not receive ten-minute rest breaks for every four hours of work, must work more than three consecutive hours without a rest break, and do not receive ten minutes of additional pay for each rest break they miss.

**VII.  FIRST CLAIM FOR RELIEF**
**(Violation of 29 U.S.C. §207—**
**Failure to Pay Proper Overtime under FLSA)**
*On behalf of FLSA Class*

7.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2     Defendant regularly engages in commerce and its employees are engaged in interstate commerce.

CLASS ACTION COMPLAINT -8

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

7.3     Defendant is and has been an employer for purposes of the FLSA, 29 U.S.C. §203(d).

7.4     Plaintiffs and the proposed FLSA Class have been employees of Defendant for purposes of the FLSA, 29 U.S.C. §203(e).

7.5     While employed by Defendant, Plaintiffs and proposed FLSA Class members performed overtime which Defendant failed to compensate at one and one-half times the regular rate of pay for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207.

7.6     Throughout the class period, Defendant has willfully, deliberately, and knowingly refused to properly pay Plaintiffs and proposed Class members for all overtime hours worked.

7.7     As a result of these unlawful acts, Plaintiffs and the FLSA Class have been deprived of compensation in amounts to be determined at trial, and pursuant to 29 U.S.C. § 216(b), Plaintiffs and the FLSA Class are entitled to recovery of such damages, and an additional equal amount as liquidated damages, as well as attorneys' fees and costs.

### VIII.  SECOND CLAIM FOR RELIEF
**(Violations of RCW 49.46.130 – Failure to Pay Proper Overtime Wages)**
*On Behalf of Washington Class*

8.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2     As a result of the actions alleged above, Defendant failed to properly pay Plaintiffs and Class members for all hours worked above 40 in a week at a rate of not less than one and one-half times their proper regular rate of pay.

8.3     RCW 49.46.130 provides that "no employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

CLASS ACTION COMPLAINT -9

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

8.4     By the actions alleged above, Defendant has violated the provisions of RCW 49.46.130.

8.5     As a result of these unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, Plaintiffs and the Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.

## IX.  THIRD CLAIM FOR RELIEF
**(Violations of RCW 49.12.020 and WAC 296-126-092 –
Failure to Provide Proper Rest and Meal Periods)**
*On Behalf of Washington Class*

9.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

9.3     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

9.4     Pursuant to RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees.

9.5     WAC 296-126-092 requires that employers shall provide employees certain rest and meal periods.

9.6     Defendant has failed or refused to create or enforce adequate employment policies and procedures for providing rest and meal breaks.

9.7     By the actions alleged above, including the failure to provide Plaintiffs and Class members with proper rest and meal periods, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

CLASS ACTION COMPLAINT -10

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

9.8    As a result of these unlawful actions, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs pursuant to RCW 49.48.030.

## X.  FOURTH CLAIM FOR RELIEF
(Violation of RCW 49.52.050 — Willful Refusal to Pay Wages)
*On Behalf of Washington Class*

10.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2    RCW 49.52.050 provides that any employer or agent of any employer who, "[w]illfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

10.3    Defendant's violations of RCW 49.46.130 and WAC 296-126-092 were willful and constitute violations of RCW 49.52.050.

10.4    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, plus attorneys' fees, and costs.

10.5    By the actions alleged above, Defendant has violated the provisions of RCW 49.52.050.

10.6    As a result of the willful and unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.52.070, Plaintiff and the Class are entitled to recovery of twice the amount of such compensation as well as attorneys' fees and costs.

CLASS ACTION COMPLAINT -11

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## XI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the FLSA Class and Washington Class, pray for relief against Defendant, as follows:

A. Rule 23 Certification of the proposed Washington Class for the claims against Defendant;

B. Certification of the FLSA class as a collective action under 29 U.S.C. § 216(b);

C. A declaration that Defendant is financially responsible for notifying all FLSA Class and Washington Class members of its wage and hour violations;

C. Appointment of Plaintiffs as representatives of the FLSA Class and Washington Class;

D. Appointment of the undersigned counsel as counsel for the FLSA Class and Washington Class;

E. A declaration that Defendant's actions complained of herein violate 29 U.S.C. §207, RCW 49.46.130, RCW 49.52.050, RCW 49.12.020, and WAC 296-126-092.

F. And order enjoining Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in the unlawful and wrongful conduct set forth herein;

G. An award to Plaintiffs and the FLSA Class and Washington Class of compensatory, liquidated, and exemplary damages, as allowed by law;

H. An award to Plaintiffs and the FLSA Class and Washington Class of attorneys' fees and costs, as allowed by law;

I. An award to Plaintiffs and the FLSA Class and Washington Class of prejudgment and post-judgment interest, as provided by law;

CLASS ACTION COMPLAINT -12

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

J.	Permission for Plaintiffs and the FLSA Class and Washington Class to have leave to amend the Complaint to conform to the evidence presented at trial; and

K.	Such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 12th day of December, 2017.

        FRANK FREED SUBIT & THOMAS LLP

        By:  /s/ Marc C. Cote, WSBA #39824
          Michael C. Subit, WSBA #29189
          Email: msubit@frankfreed.com
          Marc Cote, WSBA #39824
          Email: mcote@frankfreed.com
          705 Second Avenue, Suite 1200
          Seattle, Washington 98104
          Telephone: (206) 682-6711
          Facsimile: (206) 682-0401

        MICHAEL MALK, ESQ., APC
        Michael Malk, *Pro Hac Vice* Pending
        Email: mm@malklawfirm.com
        1180 S. Beverly Drive, Suite 302
        Telephone: (310) 203-0016
        Facsimile: (310) 499-5210

        *Attorneys for Plaintiffs, Proposed FLSA Class, and Proposed Washington Class*

CLASS ACTION COMPLAINT -13

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711