THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAMMY JOHNSON and VANESSA
DETTWILER, individually and on
behalf of all others similarly situated,

Plaintiffs,

vs.

TRACTOR SUPPLY COMPANY, a
Delaware Corporation,

Defendant.

Case No.: 3:17-CV-06039-RJB

**PLAINTIFFS' MOTION FOR
VOLUNTARY DISMISSAL**

**Note for Motion Calendar: December 14,
2018**

## I.     INTRODUCTION

Plaintiffs Tammy Johnson and Vanessa Dettwiler request that the Court dismiss their

claims against defendant Tractor Supply Company ("TSC") without prejudice pursuant to Fed. R.

Civ. P. 41(a)(2) and 28 U.S.C. § 1367(c)(3), so that they may pursue state law rest and meal break

claims against TSC in Washington state court on behalf of themselves and the proposed

Washington Class.

Plaintiffs filed this case as (1) a nationwide collective action under the Fair Labor Standards

Act of 1938 ("FLSA") to remedy TSC's failure to include a nondiscretionary bonus in the regular

rate used for the payment overtime compensation, (2) a statewide class action under the

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL-1
CASE NO. 3:17-cv-06039-RJB

Washington Minimum Wage Act, RCW 49.46.130, based on the same conduct, and (3) a statewide class action for violations of Washington rest and meal break law, WAC 296-126-092. Information TSC provided in advance of the unsuccessful mediation held in this case on October 24, 2018, demonstrated that the attorney time, litigation costs, notice costs, and judicial resources necessary to administer and resolve the nationwide FLSA collective action and the bonus-related class claims under Washington law would far exceed the potential value of those claims. In accordance with their obligations under Fed. R. Civ. P. 1, plaintiffs have decided not to pursue their bonus-related claims under either FLSA or Washington wage and hour law. Plaintiffs request the Court grant their motion to dismiss without conditions and without the payment of fees or costs to defendant.

## II.    BACKGROUND

Plaintiffs filed their Complaint in this action on December 12, 2017. Dkt. No. 1. Count 1 asserted TSC had violated the FLSA by refusing to include a non-discretionary bonus in the regular rate used for overtime compensation paid to plaintiffs and all other similarly situated employees nationwide. Dkt. No. 1 at ¶¶ 4.1-4.2, 6.1, & 7.1-7.7. Count 2 asserted a violation of RCW 49.60.130 based on the same conduct with respect to plaintiffs and the proposed Washington class. *Id*. at ¶¶ 5.3, 6.1, & 8.1-8.5. Count 3 asserted a violation of Washington rest & meal break law with respect to plaintiffs and the proposed Washington class. *Id*. at ¶¶ 5.3, 6.2, 6.3, & 9.1-9.8. Count 4 asserted willful withholding in violation of RCW 49.52 with respect to plaintiffs and the putative Washington class. *Id*. at ¶¶ 10.1-10.6. TSC filed its Answer on February 15, 2018. Dkt. No. 17.

On March 13, 2018, the parties submitted their Joint Status Report and Discovery Plan. Dkt. No. 19. On March 14, 2018, this Court entered an order setting a class certification date of October 5, 2018, a trial date of April 5, 2019, and other dates. Dkt. No. 20. Plaintiffs served discovery requests on March 22, 2018. Declaration of Michael Malk (Nov. 21, 2018) ("Malk

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL-2
CASE NO. 3:17-cv-06039-RJB

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Dec.") at ¶ 2. TSC served thirty-three pages of objections on May 10 but never provided substantive responses. *Id.* and attachment thereto. After granting TSC several extensions to no avail, plaintiffs scheduled a Rule 37 conference for June 4, 2018. *Id.* at ¶ 3. During that conference, defendant proposed the parties stay this action and attempt to resolve the dispute through mediation. *Id.* On July 20, 2018, the parties submitted a Stipulated Motion to Extend Deadlines, Stay Formal Discovery, and Toll Statute of Limitations to Accommodate LCR 39.1 Conference, Dkt. No. 22, which the Court granted. Dkt. No. 23.

The parties scheduled a mediation with Michael Reiss of Davis Wright Tremaine in Seattle on October 24, 2018. Malk Dec. at ¶ 4. TSC informally provided plaintiffs with certain information regarding the bonus-overtime, rest, and meal break claims in accordance with the stipulated protective order the Court entered on August 23, 2018, Dkt. No. 25; Malk Dec. at ¶ 4. In preparation for the mediation, plaintiffs calculated the potential wage damages for each claim. *Id.* Plaintiffs were surprised to learn that the estimated total wage damages for Washington class members for the Washington rest and meal break class claims significantly exceeded the estimated total wage damages for the approximately potential FLSA collective action members. Malk Dec. at ¶ 5.[1] Plaintiffs calculated that each FLSA plaintiff in this action would receive only a trivial amount in wage damages. *Id.* The potential wage damages for Washington employees on bonus-overtime claim also turned out to be trivial. *Id.*

Plaintiffs were already aware prior to the mediation that TSC intended to bring a dispositive motion on the bonus-overtime claims, at least with respect to the FLSA nationwide collective

---

[1] Because plaintiffs' determination of the size of the proposed collective action and class, as well as their potential damages, were derived from information and documents provided under the confidentiality order, Dkt. No. 25, plaintiffs have set forth that information in the unredacted Malk Declaration, filed under seal in accordance with LCR 5(g)(3)-(5).

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL-3
CASE NO. 3:17-cv-06039-RJB

action. *Id.* at ¶ 6; Dkt. No. 19 at p.4. TSC asserted that its Store Sales Bonus Plan "is a percentage of compensation bonus which need not be included in calculating the regular rate of pay" under 29 C.F.R. § 778.210. Malk Dec. at ¶ 6. Plaintiffs disputed that the Store Bonus Plan met the requirements of that regulation. *Id.* at ¶ 7. Under the Store Bonus Plan, if an employee's total compensation (including overtime) represents over 40% of the total compensation for a store, that employee's bonus will not include full overtime compensation. *Id.* Plaintiffs believe that Tractor Supply's plan provides merely pseudo "percentage bonuses," 29 C.F.R. § 778.503, that fall outside the ambit of 29 C.F.R. § 778.210. There is, however, a dearth of precedent on this issue. Plaintiffs had all along anticipated that whichever party this Court ruled against on this controlling question of law would seek immediate appellate review. Malk Dec. at ¶ 8.

The parties were unable to reach a negotiated resolution of this dispute at the October 24 mediation. *Id.* at ¶ 9. Based on the information plaintiffs learned in preparation for and during the mediation, they have decided not to further pursue their bonus-overtime claims under either the FLSA or Washington law. *Id.* They have made this decision based on the (1) prospect of years of costly litigation to resolve whether the TSC Store Bonus Plan meets the requirements of 29 C.F.R. § 778.210; (2) the risk that TSC might prevail on the merits of the FLSA bonus-overtime claims; (3) the low wage damages available to each potential member of the nationwide opt-in collective action; (4) the high cost of sending out a preliminary notices to tens of thousands of potential opt-ins; and (5) the trivial value of the Washington bonus-overtime claims. *Id.* at ¶ 10. Plaintiffs have decided it would be a better use of litigation and judicial resources to litigate only their claims, and the claims of the proposed Class, for violation of Washington's rest and meal break laws, which they intend to do by re-filing an action in state court upon dismissal of this action. *Id.* at ¶ 11.

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL-4
CASE NO. 3:17-cv-06039-RJB

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

### III.   ARGUMENT

**A.  Voluntary Dismissal Should Be Granted Because Defendant Will Not Suffer Plain Legal Prejudice and Other Relevant Factors Are in Plaintiffs' Favor.**

A district court should grant a plaintiff's motion for voluntary dismissal unless the defendant can show "plain legal prejudice." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996); *Stevedoring Serv. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989); *Dickau v. Minnesota Life Ins. Co.*, 2012 WL 12884880 *2 (W.D. Wash. Dec. 12, 2012); *Gunderson v. Alaska Airlines, Inc.*, 2007 WL 4246176 *1 (W.D. Wash. Nov. 29, 2007). The Ninth Circuit has defined "legal prejudice" as "prejudice to some legal interest, some legal claim, [or] some legal argument." *Smith*, 263 F.3d at 975; *Westlands Water Dist.*, 100 F.3d at 97. "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist.,* 100 F.3d at 97; *accord Resorts Int'l, Inc., v. Lowenschuss (In re Lowenschuss),* 67 F.3d 1394, 1401 (9th Cir. 1995) (having to defend claims in federal court is not legal prejudice); *Gunderson*, 2007 WL 4246176 *2 (same). A defendant's loss of a federal forum is also not legal prejudice. *Gunderson*, 2007 WL 4246176 *3.

"[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 975; *Hamilton v. Firestone Tire & Rubber Co*., Inc., 679 F.2d 143, 145 (9th Cir. 1982). Therefore, it is perfectly permissible for a plaintiff to dismiss her federal claims without prejudice so that she may pursue a second legal action in state court. *Lau v. Glendora Unified School District*, 792 F.2d 929, 930 (9th Cir. 1986); *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993); *Lowenschuss,* 67 F.3d at 1399-1401; *Westlands Water Dist.*, 100 F.3d at 97. Continuing uncertainty for the defendant about the merits of the legal claims against it also does not constitute legal prejudice. *Smith*, 263 F.3d at 975.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    TSC will not suffer "plain legal prejudice" from the granting of plaintiffs' motion to

2    dismiss. Plaintiffs' voluntary dismissal of their bonus-overtime claims and decision to pursue only

3    their rest and meal break claims in Washington state court and those of the Washington Class does

4    not prejudice TSC's legal interests. TSC will have to defend against fewer claims in the subsequent

5    state court action. Moreover, TSC will no longer face the prospect of liquidated damages under

6    the FLSA. Decreased potential monetary liability is not plain legal prejudice.

7    Even where the defendant can show some legal prejudice, the denial of the plaintiffs'

8    motion to voluntarily dismiss is not automatic. The court should consider factors such as (1)

9    defendant's efforts and expense in preparing for trial; (2) plaintiffs' diligence in prosecuting the

10   action; (3) plaintiffs' explanation of the need to dismiss; and (4) the status of the litigation (whether

11   summary judgment motions have been filed, the immediacy of trial, etc.). *Gunderson*, 2007 WL

12   4246176 at *2. These non-exclusive factors need not all be resolved in favor of the moving party

13   for the dismissal to be appropriate. *Id.* But here, all these factors weigh in favor of granting

14   plaintiffs' motion for voluntary dismissal.

15   This action has been pending for just over 11 months but was stayed for more than three

16   of them. The stay was lifted on November 1. TSC has filed an answer to plaintiffs' complaint but

17   no other papers or motions. TSC has not even provided substantive responses to plaintiffs' first set

18   of discovery. Plaintiffs were diligently pursuing this case until TSC suggested the parties agree to

19   stay this action in favor of mediation. Although the mediation did not resolve the case, the process

20   served a very useful purpose: Plaintiffs learned information that led them to reassess the

21   cost/benefit value of pursuing their bonus-overtime claims whether individually, in the form of a

22   statewide class action, or in a nationwide FLSA collective action.

23

24

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL-6
CASE NO. 3:17-cv-06039-RJB

Fed. R. Civ. P. 1 directs the parties to "secure the just, speedy, and inexpensive determination of every action and proceeding." In accordance with that duty, plaintiffs have determined, based on the information they learned in preparation for the mediation held on October 24, to dismiss their FLSA claims, as well as their bonus-overtime based state law claims, and pursue only rest and meal break claims in state court. The alternative is spending vast amounts of attorney and judicial resources, as well as substantial litigation costs, for claims that, even if they prove to be successful, will result only in small individual recoveries for the affected employees.

For all these reasons, this Court should grant plaintiffs' motion for voluntary dismissal without prejudice.

**B. This Court Should Dismiss Plaintiffs' State Law Claims Pursuant to Both Fed. R. Civ. P. 41(a)(2) and 28 U.S.C. § 1367(c)(3).**

Twenty-eight U.S.C. § 1367(d) provides that the period of limitation for any claim over which the court has supplemental jurisdiction under 28 U.S.C. § 1367(a) "shall be tolled the claim is pending and for a period for 30 days after it is dismissed…." Section 1367(d) "supplies a tolling rule that must be applied by state courts." *Artis v. District of Columbia*, 138 S. Ct. 594, 599 (2018) (internal quotation omitted). *Artis* holds § 1367 (d) "stops the clock" on the statute of limitations until 30 days after a state law claim is dismissed by the federal court. *Id.* Section 1367(d) is a "means of accounting for the fact that a claim was timely presented in another forum." *Id.* at 607.

Prior to *Artis*, some district courts had suggested that § 1367(d) applies only when the district court declined jurisdiction over the state law claims pursuant to § 1367(c) and not when the court dismissed them pursuant Fed. R. Civ. P. 41(a)(2). *E.g.*, *Parris v. HBO & Co.*, 85 F. Supp. 2d 792, 797 (S.D. Ohio 1999); *Centaur Classic Convertible Arbitrage Fund Ltd v. Countrywide Financial Corp.*, 878 F. Supp. 2d 1009, 1019 (C.D. Cal. 2011). *Sherman v. Town of Chester*, 2015 WL 1473340 *7 (S.D.N.Y. 2015) (but recognizing that "the text of subsection(d), on its face,"

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  would apply to all dismissals). Other courts had held that § 1367(d) applies to all dismissals. *E.g.,*

2  *Naragon v. Dayton Power & Light Co.*, 934 F. Supp. 899 (S.D. Ohio 1996); *Krause v. Textron*

3  *Fin. Corp.*, 59 So.2d 1085, 1090 (Fla. 2011). In *Artis* the Supreme Court used the terms "dismiss"

4  and "decline supplemental jurisdiction" interchangeably: "When district courts dismiss all claims

5  independently qualifying for the exercise of supplemental jurisdiction, they ordinarily dismiss as

6  well all related claims. A district court may also dismiss the related state claims if there is a good

7  reason to decline jurisdiction." 138 S. Ct. at 597-98.

8      A Washington state court will ultimately decide whether tolling under § 1367(d) applies in

9  this case. What is clear is that 28 U.S.C. § 1367(c)(3) gives this Court discretion to decline

10  supplemental jurisdiction over plaintiffs' state law claims and dismiss those claims if the Court

11  grants plaintiffs' request to dismiss their federal claims. By its terms § 1367(c)(3) permits a district

12  court to decline supplemental jurisdiction over state law claims where the "district court has

13  dismissed all claims over which it has original jurisdiction." It would be a waste of this Court's

14  scarce resources for it to continue to exercise supplemental jurisdiction over plaintiffs' state law

15  rest and meal break claims once it has dismissed all claims over which it has original jurisdiction.

16  Accordingly, plaintiffs respectfully request that this Court dismiss their state law claims pursuant

17  to both Fed. R. Civ. P. 41(a)(2) and 28 U.S.C. § 1367(c)(3).

18  **C.  This Court Should Not Impose Conditions on Voluntary Dismissal.**

19      Rule 41(a)(2) permits a district court to impose conditions on the plaintiffs' voluntary

20  dismissal of an action under that Rule. If a district court imposes any conditions on the dismissal,

21  the plaintiffs must be afforded the option of withdrawing the motion and litigating the case on the

22  merits. *Lau,* 792 F.2d at 930-31. A district court may, but is not required to, order the plaintiffs to

23  pay the defendants' attorneys' fees and costs as a condition of dismissal. *Stevedoring Servs.*, 889

24

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL-8
CASE NO. 3:17-cv-06039-RJB

F.2d at 921. However, "no circuit court has held that payment of the defendant's costs and attorneys' fees is a prerequisite to an order granting voluntary dismissal." *Id.*

This Court should not require the payment of any fees to TSC given Congress' intent to encourage plaintiffs to file FLSA actions by mandating prevailing plaintiff attorneys' fees in 29 U.S.C. § 216(b). *Fegley v. Higgins*, 19 F.3d 1124, 1134 (6th Cir. 1984). The purpose of the FLSA's attorneys' fees provision is to ensure that plaintiffs are not "saddled with" attorneys' fees in such cases. *Kerzich v. County of Tuolomne*, 2018 WL 3923645 *5 (E.D. Cal. Aug. 4, 2018). A prevailing defendant may obtain an award of attorneys' fees in an FLSA action only where the plaintiff has litigated in bad faith. *Sanchez v. Nitro-Lift Technologies L.L.C.*, 762 F.3d 1139, 1148 (10th Cir. 2014); *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998). This is similar to the rule in civil rights cases where a prevailing defendant may obtain attorneys' fees only where the plaintiff's action was "frivolous, unreasonable, or without foundation." *Christianburg Garment Co. v. EEOC*, 343 U.S. 412 (1978).

It would be inconsistent with the remedial purposes inherent in wage and hour law for this Court to condition voluntary dismissal of plaintiffs' federal action upon the payment of any attorneys' fees to TSC. Courts have long recognized that allowing a defendant to obtain attorneys' fees in civil rights action where the plaintiffs have voluntarily dismissed their claims under Rule 41 would undermine Congress's remedial intent in enacting those laws. *See Lau*, 792 F.2d at 931-32 (Reinhardt, J., concurring); *Gunderson*, 2007 WL 4246176 at *3. In such cases the court should award attorneys' fees only if the plaintiff brought the federal action in bad faith. *Id.* The same considerations apply to FLSA actions. Because plaintiffs—who are retail workers—have not brought their federal wage and hour claims in bad faith, this court should not condition the grant of plaintiffs' motion for voluntary dismissal upon any payment of TSC's attorneys' fees.

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL-9
CASE NO. 3:17-cv-06039-RJB

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Other factors support the denial of attorneys' fees and costs here. As a general matter under Fed. R. Civ. P. 41(a)(2), courts consider the following factors in deciding to condition voluntary dismissal on the payment of fees and costs: (1) whether the second litigation would cause excessive duplicative expenses (2) the effort and expense incurred by defendant preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiffs' diligence in moving to dismiss. *Fraley v. Facebook, Inc*., 202 WL 893152 (N.D. Cal. 2012). Other factors relevant to whether the district court should award fees and costs to the defendant as a condition of allowing voluntary dismissal include whether the plaintiffs raised a facially meritorious claims and whether the plaintiffs acted in good faith. *Dickau*, 2012 WL 12884880 *2. Moreover, if an award of fees and costs is granted, "the defendant should only be awarded attorney's fees for work which cannot be used in any future litigation of these claims." *Westlands*, 100 F.3d at 97.

Because, as set forth above, this case is at an early stage, any duplication of costs between federal court would be minimal. The trial date for this action is not until September 16, 2019. Dkt. No. 23. Given TSC's representation that it would be filing a dispositive motion on some or all of plaintiffs' claims, Dkt. No. 19, it almost certainly has not been preparing for trial. Plaintiffs promptly moved to dismiss after they determined it no longer made sense for them to pursue their bonus-overtime claims.

For all these the Court should voluntarily dismiss their claims without any award of fees and costs to any party.

## IV.   CONCLUSION

This Court should grant plaintiffs' motion to voluntary dismiss without prejudice and without conditions. It should dismiss without prejudice plaintiffs' FLSA claim pursuant to Fed. R. Civ. P. 41(a)(2) and their state law claims pursuant to both that rule and 28 U.S.C. § 1367(c)(3).

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL-10
CASE NO. 3:17-cv-06039-RJB

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1      RESPECTFULLY SUBMITTED this 21st day of November 2018,

2                              FRANK FREED SUBIT & THOMAS LLP

3                          By:   /s/ Michael C. Subit, WSBA #29189

                          By:   /s/ Marc C. Cote, WSBA #39824

4                          Michael C. Subit, WSBA #29189

                          Marc C. Cote, WSBA #39824

5                          705 Second Avenue, Suite 1200

                          Seattle, Washington 98104

6                          Telephone: (206) 682-6711

                          Facsimile: (206) 682-0401

7                          Email: mcote@frankfreed.com

                          Email: msubit@frankfreed.com

8

9                          MICHAEL MALK, ESQ., APC

                          By:   /s/ Michael Malk

10                       Michael Malk, *Admitted Pro Hac Vice*

                       1180 S. Beverly Drive, Suite 302

11                       Los Angeles, California 90035

                       Telephone: (310) 203-0016

12                       Facsimile: (310) 499-5210

                       Email: mm@malklawfirm.com

13

                       *Attorneys for Plaintiffs, Proposed FLSA*

14                    *Class, and Proposed Washington Class*

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL-11
CASE NO. 3:17-cv-06039-RJB

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1

**<u>CERTIFICATE OF SERVICE</u>**

2        I hereby certify that on November 21, 2018, I electronically filed the foregoing document

3   with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4   to the following:

5        Adam T. Pankratz
         800 Fifth Avenue, Suite 4100
6        Seattle, WA 98104
         Telephone: 206-693-7053
7        Facsimile: 206-693-7058
         Email: adam.pankratz@ogletree.com
8
         Christopher W. Decker
9        400 South Hope Street, Suite 1200
         Los Angeles, CA 90071
10       Telephone: 213-239-9800
         Facsimile: 213-239-9045
11       Email: christopher.decker@ogletree.com

12

13   and I hereby certify that I have mailed by United States Postal Service the document to the

14   following non CM/ECF participants:  None.

15

16       DATED at Seattle, Washington on this 21st day of November 2018.

17                                      /s/ Jessica Pitre-Williams
                                        Jessica Pitre-Williams

18

19

20

21

22

23

24

PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL-12
CASE NO. 3:17-cv-06039-RJB

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711