UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMMY JOHNSON and VANESSA DETTWILER,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br>TRACTOR SUPPLY COMPANY,<br>　　　　　　　　　Defendant. | CASE NO. 3:17-cv-06039-RJB<br><br>ORDER ON (1) PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL (2) PLAINTIFFS' MOTION TO SEAL UNREDACTED DECLARATION OF MICHAEL MALK AND (3) DEFENDANT'S MOTION TO STRIKE |

THIS MATTER comes before the Court on Plaintiffs' Motion for Voluntary Dismissal (Dkt. 26), and two related motions, Plaintiffs' Motion to Seal Unredacted Declaration of Michael Malk (Dkt. 28) and Defendant's Motion to Strike (Dkt. 37). The Court has considered the motions and the remainder of the file herein.

A.  BACKGROUND.

Filed on December 12, 2017, this putative class action centers on allegations that Defendant failed to provide adequate meal and rest breaks to non-exempt employees in violation

ORDER ON (1) PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL (2) PLAINTIFFS' MOTION TO SEAL UNREDACTED DECLARATION OF MICHAEL MALK AND (3) DEFENDANT'S MOTION TO STRIKE - 1

of federal and state wage and hour laws. Dkt. 1 at ¶1.1. *See* 29 U.S.C. §207, RCW 49.46.130, RCW 49.52.050, RCW 49.12.020, and WAC 296-126-092. The Complaint alleges one claim for violations of the Federal Labor Standards Act (FLSA), and federal question jurisdiction under 28 U.S.C. § 1331. Supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) is alleged for three Washington state law claims.

The Court has granted two stipulated continuances, the second of which stayed formal discovery and tolled the statute of limitations to accommodate an October 24, 2018 mediation. Dkt. 23 at 2.

On November 21, 2018, after the mediation failed to resolve the case, Plaintiffs filed the pending motion to dismiss. Dkt. 26. With that motion and pursuant to a stipulated protective order, Dkt. 25, Plaintiffs *pro forma* filed a motion to seal certain paragraphs of the Declaration of Michael Malk. Dkt. 28. *See* Dkt. 27. In response to the motion to seal, Defendant filed a motion to strike, seeking to strike the declaration and references to and information gleaned from the October 24, 2018 mediation. Dkt. 36.

B. <u>DISCUSSION</u>.

Before reaching the merits of Plaintiffs' motion to dismiss, the Court must first address the two related motions.

**1. Motion to Seal and Motion to Strike.**

At the center of both motions is the Declaration of Michael Malk, attorney to Plaintiffs. Dkt. 27. The declaration recounts from Mr. Malk's perspective what occurred in preparation for and at the October 24, 2018 mediation. *See id*. at 1-3. Plaintiffs have partially redacted one paragraph of Mr. Malk's declaration, paragraph five (5), which is redacted as follows (XXX denotes redaction):

> In preparation for mediation, plaintiffs calculated the potential wage damages for each claim. Plaintiffs were surprised to learn that the estimated total wage damages for the approximately XXX Washington class members for the Washington rest and meal break claims exceeded the estimated total wage damages for the approximately XXX potential FLSA collection

ORDER ON (1) PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL (2) PLAINTIFFS' MOTION TO SEAL UNREDACTED DECLARATION OF MICHAEL MALK AND (3) DEFENDANT'S MOTION TO STRIKE - 2

action members by nearly XXX. Plaintiffs calculated that each FLSA plaintiff in this action would receive on average less than XXX in wage damages. The potential wage damages for Washington employees . . . also turned out to be trivial.

Dkt. 27 at ¶5.

Defendant seeks to strike Mr. Malk's declaration in its entirety, including all references to what Defendant defines as "mediation information." Dkt. 36 at 1. Defendant requests in the alternative that, at a minimum, Plaintiffs' motion to seal be granted. *Id*. Defendant argues that Plaintiffs' reliance on information in Mr. Malk's declaration is improper for three reasons: (1) the information is subject to mediation privileges under state and federal law; (2) the information is inadmissible evidence under ER 408, which disallows evidence of compromise offers and negotiations; and (3) the information is confidential under the terms of a mediation agreement. *Id*. at 4.

According to Plaintiffs, the information cited to is "rudimentary" and "otherwise discoverable." Dkt. 39 at 4. Allowing the information to remain sealed, Plaintiffs urge, stretches the common law mediation privilege and mediation agreement beyond recognition and common sense. *Id*. at 2, 3.

In this Court's view, Defendant goes too far seeking to preclude reference to broadly-defined "mediation information." Nonetheless, redactions to Mr. Malk's declaration, Dkt. 27, are not inappropriate under the circumstances. With formal discovery stayed, Plaintiffs explicitly asked for specific information "for purposes of mediation," such as that used to calculate the number of potential class members and wage damages. Dkt. 37 at 7, 10, 14. Particularly where, as here, the information redacted was gained through mediation and is immaterial to the merits of the pending motion to dismiss, redaction is allowable.

Plaintiff's motion to seal should be granted. The unredacted declaration of Mr. Malk, Dkt. 29, should remain under seal. To that extent, Defendant's motion to strike should be granted. Defendant's motion to strike should otherwise be denied without prejudice.

ORDER ON (1) PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL (2) PLAINTIFFS' MOTION TO SEAL UNREDACTED DECLARATION OF MICHAEL MALK AND (3) DEFENDANT'S MOTION TO STRIKE - 3

No finding about these two motions should be construed to limit findings by State courts in future proceedings.

**2. Motion for Voluntary Dismissal.**

Plaintiffs seek voluntary dismissal without prejudice under Rule 41(a), which gives courts discretion to dismiss "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(B)(2). Having attempted mediation, Plaintiffs represent, Plaintiffs "have decided not to further pursue their bonus-overtime claims under the FLSA or Washington law," based on the prospect of years of costly litigation and the risk that Defendant may prevail on the FLSA claim. Dkt. 27 at 2, 3. Voluntary dismissal without prejudice "would be a better use of litigation and judicial resources," Plaintiffs argue. *Id*.

According to Defendant, Plaintiffs' motion amounts to "a purely elective strategy decision designed to move the litigation . . . to state court[.]" Dkt. 40 at 1. Defendant contends that Plaintiffs are not motivated by judicial economy, but rather are seeking a more favorable forum for strategic reasons, given recent precedent favorable to Plaintiffs in State court and adverse to Plaintiffs in federal court. *Id*. at 4-7. Defendant seeks $7,850 in attorneys' fees, acknowledging that although Rule 41(a) "may permit . . . duplicative litigation in state court, it also allows the Court to condition the dismissal on reimbursing Defendant for wasted attorney's fees incurred by such duplicative litigation." *Id*. 1, 2. The fees sought by Defendant relate only to case management and scheduling of this case and responding to Plaintiffs' motion for voluntary dismissal. *Id*. at 7-10.

Plaintiffs' request for voluntary dismissal should be granted. It does not appear that Defendant opposes dismissal *per se*, but rather, opposes the extra costs associated with ending this case and re-filing in State court.

Defendant's request for attorneys' fees should be denied. Judging by Defendant's workup for the mediation, *see* Dkt. 37 at 23-36, it would appear that the bulk of attorney work in this case thus far has had nothing to do with voluntary dismissal. Other than issuing orders on stipulated motions and the motions addressed by this Order above, the Court has not reached the merits on any substantive issues and is reluctant to tilt the balance of attorneys' fees in favor of one party over another.

THEREFORE, it is HEREBY ORDERED:

(1) Plaintiffs' Motion for Voluntary Dismissal (Dkt. 26) is GRANTED. The case is DISMISSED WITHOUT PREJUDICE. Defendant's request for attorneys' fees is denied.

(2) Plaintiffs' Motion to Seal Unredacted Declaration of Michael Malk (Dkt. 28) is GRANTED. Docket 29 shall remain sealed.

(3) To the extent Defendant's Motion to Strike (Dkt. 37) requests that Docket 29 remain sealed, the motion is GRANTED IN PART. The motion is OTHERWISE DENIED WITHOUT PREJUDICE.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of December, 2018.

ROBERT J. BRYAN
United States District Judge

ORDER ON (1) PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL (2) PLAINTIFFS' MOTION TO SEAL UNREDACTED DECLARATION OF MICHAEL MALK AND (3) DEFENDANT'S MOTION TO STRIKE - 5